## CIRCUIT COURT OF FAIRFAX COUNTY

Williams et al.

v.

Marra et al.

May 18, 1989

Case No. (Law) 89266

By JUDGE F. BRUCE BACH

This case is before the court on Williams's plea of *res judicata* based upon a case heard in the Circuit Court of Prince William County on November 17, 1988. Both that case and the case at issue here involve an alleged breach of a land trust agreement. In the Prince William case, Williams prayed for specific performance of the land trust agreement or, in the alternative, for specific performance of a subsequent oral contract to convey the property. In this case, Williams asks for damages for breach of the subsequent oral contract.

There are four forms of *res judicata*, and two appear to be at issue here. *Res judicata*-bar precludes relitigation of the same cause of action or any part thereof which could have been litigated. *Bates v. Devers*, 214 Va. 667 (1974). A chancery suit is not *res judicata* to a subsequent law action unless the very matter in controversy was decided in the prior suit. *Wright v. Castles*, 232 Va. 218 (1986). Four elements must concur: (1) identity of the remedies sought; (2) identity of the cause of action; (3) identity of the parties; and (4) identity of the qualities of the persons for and against whom the claim is made. *Id*. The general rule is that when "the same evidence will support both actions, there is but one cause of action." *Id*. at 224. In this case, the causes of action are similar but

not identical. Both would require proof that there was a contract, that it was breached, and that damages were caused by the breach. However, the chancery case would also require proof that there was an adequate remedy at law. In addition, *res judicata* does not apply here because a different remedy is sought in each case. The claim for damages could not have been brought in the original chancery suit. This holding is consistent with the Prince William judge's ruling that he would not preclude a subsequent breach of contract claim.

The second type of *res judicata* at issue here is collateral estoppel, which is preclusion based upon a collateral and different cause of action. *Bates*, 214 Va. at 667. Collateral estoppel bars relitigation of any issue of fact actually litigated and essential to a valid and final personal judgment in the first action. *Id*.

In the Prince William proceeding, the judge found that there was no oral agreement because there was no "meeting of the minds" and that even if there was an agreement, the court could not grant specific performance of an oral trust in land. The judge's primary reason for dismissing the case appears to be that there was no agreement. Once he made that finding, any subsequent litigation of that issue was barred, notwithstanding his subsequent finding that another cause of action could be filed. As the issue of whether there is an agreement cannot be relitigated, a suit for damages cannot proceed. Therefore, this case is barred by collateral estoppel.